```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
                                    x    MDL Docket No. 1500 (SWK)
In re AOL TIME WARNER, INC.         x      Master File No.
SECURITIES LITIGATION               x     06 Civ. 0695 (SWK)
                                    x
------------------------------------x
This Document Relates To:           x    **OPINION & ORDER**
                                    x
THE CONSOLIDATED OPT-OUT ACTION     x
------------------------------------X
```
**SHIRLEY WOHL KRAM, U.S.D.J.**

Defendant Time Warner, Inc. ("Time Warner") moves to lift the discovery stay imposed pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") as applied to the plaintiffs, itself, and consenting defendants in this consolidated action (the "Consolidated Action"). Time Warner filed its motion with the Clerk of Court and referred it to the Special Master for discovery in this litigation. However, the plaintiffs object to the referral and have included their substantive opposition to the motion as an attachment to their objection. The Court denies the plaintiffs' objection, but grants Time Warner's motion to lift the discovery stay and refers the implementation of the modified discovery stay to the Special Master.

### BACKGROUND

The subject matter of the Consolidated Action has been before the Court for nearly four years. Numerous actions were filed against Time Warner in the middle of 2002, pleading a

variety of claims against the company for allegedly fraudulent accounting in the company's AOL business unit. See In re AOL Time Warner, Inc. Sec. & "ERISA" Litig., No. MDL 1500, No. 02 Civ. 5575(SWK), 2006 WL 903236 (S.D.N.Y. Apr. 6, 2006).[1] These cases were eventually consolidated by the Judicial Panel on Multi-District Litigation and all related cases have been transferred to this Court.

The Court approved the settlement of the primary securities class action in April of this year. Id. at *1. The Consolidated Action consists of lawsuits filed by a number of institutional investors that chose to opt-out of the primary securities class action. All of the plaintiffs in the consolidated action ("Plaintiffs") have retained the same law firm--Lerach Coughlin Stoia Geller Rudman & Robbins LLP--to represent them ("Plaintiff's Counsel"), and have filed identical complaints. Plaintiff's Counsel is also actively prosecuting lawsuits, which are substantially similar to the complaint here, in Ohio and California state court and has access to Time Warner's discovery from those actions. (Def.'s Br. 5.)

Shortly after ruling on defendants' motions to dismiss the primary securities class action, see In re AOL Time Warner Inc. Sec. & "ERISA" Litig., 381 F. Supp. 2d 192 (S.D.N.Y. 2004), the

---

[1] Familiarity with this and previous opinions regarding the primary securities class action is assumed.

2

Court appointed a "special master for the purpose of coordinating and supervising the discovery in this litigation." See In re AOL Time Warner Inc. Sec. & "ERISA" Litig., MDL Docket No. 1500, 02 Civ. 5575 (SWK) (S.D.N.Y. Sept. 22, 2004) (the "September 22, 2004 Order"). Since that date, the Court has not been directly involved in the supervision of discovery, as all discovery disputes are to be referred to the Special Master. In compliance with the Court's order, Time Warner recently moved the Special Master for an order lifting the PSLRA stay on discovery in the Consolidated Action. Plaintiffs object to the referral of this issue to the Special Master, arguing that the relief requested by Time Warner falls outside of the Special Master's powers.

**DISCUSSION**

As an initial matter, the Court clarifies that the September 22, 2004 Order authorized the Special Master to issue orders resolving all discovery disputes that arise between the parties in cases related to this litigation, including issues pertaining to the commencement of discovery. Thus, a decision related to the PSLRA stay on discovery is squarely within the Special Master's powers. Of course, the decisions of the Special Master are ultimately reviewable by the Court. As the underlying issue has been fully briefed and is now before the Court, the Court will preempt the possibility of any objections to the

Special Master's decision by quickly resolving the narrow issue raised--whether the PSLRA stay of discovery may be lifted in the Consolidated Action.

As Judge Cote recently noted, the PSLRA was enacted "in order to minimize the incentives for plaintiffs to file frivolous securities class actions in the hope either that corporate defendants will settle those actions rather than bear the high cost of discovery, or that the plaintiff will find during discovery some sustainable claim not alleged in the complaint." In re Worldcom, Inc. Sec. Litig., 234 F. Supp. 2d 301, 305 (S.D.N.Y. 2002) (citations omitted). Consistent with this focus on discouraging plaintiffs from filing strike suits or launching fishing expeditions, every case cited in the parties' briefs considers a plaintiff's request to lift the PSLRA stay so they may obtain discovery from defendants. See, e.g., In re AOL Time Warner, Inc. Securities and ERISA Litigation, MDL No. 1500, No. 02 Civ. 8853, 2003 WL 22227945 (S.D.N.Y. Sept. 26, 2003); In re Vivendi Universal, S.A., Sec. Litig., 381 F. Supp. 2d 129, 130 (S.D.N.Y. 2003); In re Worldcom, 234 F. Supp. 2d at 301. This case presents a unique situation in that defendant Time Warner seeks to lift the discovery stay in order to obtain discovery from Plaintiffs.

As this Court has noted in the past, the PSLRA automatically stays discovery pending resolution of any motion

4

to dismiss. See In re AOL Time Warner, Inc., 2003 WL 22227945 at *2. The stay is to remain in effect "unless the court finds upon the motion of *any* party that particularized discovery is necessary to preserve evidence or prevent undue prejudice to that party." 15 U.S.C. § 78u-4(b)(3)(B) (emphasis added). The language of the statute does not distinguish between plaintiffs and defendants. Thus, under the plain language of the statute, a court may lift the discovery stay if the moving party, whether a plaintiff or defendant, makes an adequate showing on one of the two stated grounds.

The only ground asserted in this action is "undue prejudice." Undue prejudice has been defined as "improper or unfair treatment amounting to something less than irreparable harm." In re Vivendi, 381 F. Supp. 2d at 130 (citations and internal quotation marks omitted). Undue prejudice may exist where the absence of discovery places a party "at an unfair advantage to make informed decisions about litigation and settlement strategy." Id. at 130 (quoting In re Worldcom, 234 F. Supp. 2d at 306); see also Gervis v. Bing, No. 00 Civ. 3362, 2005 WL 3299436, at *3 (E.D.N.Y. Nov. 29, 2005) (indicating that discovery stay may be lifted where access to records "are essential to make informed strategy decisions"). Indeed, discovery informs a litigant's statement of applicable claims and affirmative defenses as well as its decisions regarding

5

settlement. Discovery also allows the parties to focus on the issues most relevant to the claims being litigated, thereby expediting the resolution of the lawsuit.

Time Warner argues that Plaintiff's Counsel's access to the approximately fourteen million documents Time Warner has produced in the primary securities class action and the Ohio and California actions creates an improper advantage for Plaintiffs and negatively impacts Time Warner's ability to effectively defend itself. This asymmetry between the parties' access to discovery, they argue, constitutes undue prejudice. Time Warner also argues that maintaining the discovery stay under the circumstances of this litigation creates a situation contrary to the rationale of the PSLRA, unduly benefiting Plaintiffs to the detriment of the defendant.

From Plaintiffs' perspective, the discovery stay in this action has already been effectively lifted. Plaintiffs confirm that they have access to millions of documents produced by Time Warner that are directly relevant to the claims stated in the Consolidated Action. (Pls.' Br. 3.) Yet Plaintiffs rely on the discovery stay to deflect Time Warner's attempts to engage in commensurate discovery to aid its litigation and settlement strategy. In the absence of relief from the discovery stay, Plaintiffs here enjoy the substantial benefits of discovery, while Time Warner must wait on the resolution of any motions to

6

dismiss. This situation turns the rationale of the PSLRA on its head, providing plaintiffs with a substantial unintended advantage as they pursue their litigation strategy. Under the unique circumstances of this case, prohibiting Time Warner's discovery of Plaintiffs while Plaintiffs are able to formulate their litigation and settlement strategy on the basis of the massive discovery Time Warner has already produced constitutes undue prejudice.

Plaintiffs argue that a previous Court ruling, which granted Time Warner's motion to stay discovery in the ERISA litigation, undermines Time Warner's contention of undue prejudice here because the Court stated that it did "not believe that a temporary and finite delay in attaining discovery . . . amounts to prejudice." In re AOL Time Warner, Inc., 2003 WL 22227945 at *2. Plaintiffs' argument ignores the context of that ruling, which was made under starkly different factual circumstances. Notably, that decision was only tangentially concerned with the PSLRA. In fact, a discovery stay was granted in the ERISA litigation to ensure that plaintiffs in the corresponding securities litigation were not able to circumvent the PSLRA by gaining access to the ERISA plaintiffs' discovery of Time Warner prior to the appropriate time identified by the PSLRA. Ultimately, that ruling sought to maintain the limitations on plaintiff discovery that have already been

7

undermined here. The undue prejudice alleged by plaintiffs in the context of the ERISA ruling is wholly different from that alleged by Time Warner. As discussed above, Time Warner alleges more than mere delay.

Finally, Plaintiffs argue that Time Warner has not sufficiently identified the scope of its requested discovery. While the lifting of the PSLRA discovery stay is limited to requests for "particularized discovery," 15 U.S.C. § 78u-4(b)(3)(B), parties "cannot call upon the ambiguous notion of 'particularized' discovery to bend Section 78u-4(b)(3)(B) to a purpose for which it is not intended." In re Worldcom, 234 F. Supp. 2d at 306. Clearly, the extent to which discovery is allowed must be limited,[2] but the supervision of discovery is squarely within the powers of the Special Master pursuant to the September 22, 2004 Order. As such, the PSLRA discovery stay is lifted as against Time Warner, Plaintiffs, and consenting defendants. The contours of discovery are to be coordinated by the Special Master in compliance with this Opinion.

---

[2] For instance, both parties address the existence of certain defendants who have not engaged in discovery in other jurisdictions and thus would object to lifting the discovery stay as to them. (Def.'s Br. 6 n.3; Pls.' Br. 1.) Discovery in this case is to be limited to ensure that those defendants still protected by the PSLRA discovery stay are not deprived of its protection while the balance between Plaintiffs and Time Warner is restored. Further, as is always the case, Plaintiffs retain their right to bring concerns regarding "overly-broad requests" (Pls.' Br. 10) to the Special Master.

8

SO ORDERED.

                                                   SHIRLEY WOHL KRAM
                                                   UNITED STATES DISTRICT JUDGE

Dated:    New York, New York
            July 13, 2006